PHILIP A. DAUB, Respondent, *v.* THE YONKERS RAILROAD COMPANY, Appellant.

*Street railroads — negligently driving into an excavation.*

Negligence on the part of a street railroad company, rendering it liable in damages to a passenger injured thereby, is established by proof that its driver, in clear daylight, drove a car, with the horses on a trot, and against the warning of those at work there, into an excavation made by the defendant under the track.

APPEAL by the defendant, the Yonkers Railroad Company, from a judgment of the City Court of Yonkers, entered in the office of the clerk of that court on the 13th day of October, 1892, in favor of the plaintiff, upon a verdict rendered on a trial before the city judge of Yonkers and a jury.

The defendant is a street railroad company, operating horse cars in the city of Yonkers. The action was brought to recover damages for personal injuries sustained by a passenger, alleged to have been caused by the defendant's negligence.

*John F. Brennan,* for the appellant.

*Ellis & Harrigan,* for the respondent.

Barnard, P. J.:

The facts from which the negligence of the defendant could be found were abundantly proven. The employees of the defendant had made an excavation between the rails and outside of them to a depth of six inches. The defendant's driver, against the warning of those at work upon the trench drove upon a trot into this trench, and the front wheels of the car in which the plaintiff and other passengers were seated dropped into the trench, and injured the plaintiff by throwing him to the other side of the car from the side upon which he was sitting at the time of the accident. There was no question but that plaintiff was free from negligence. He was a passenger seated in the car reading and was injured without a moment's notice of danger. The digging of a trench so deep as to weaken the track so that it would not hold the the car, and the disregard of warning by the defendant's driver that he must stop his car, is such conclusive proof of the defendant's negligence, that an assessment of damages was all that was left for the jury. There was no error in the charge as to the horses running into the open trench. Running or walking was immaterial so long as the driver threw his car in the excavation; but when a driver trots in clear daylight into a trench against warning, a court is justified in telling a jury that, if proven, it is negligence.

The judgment and order denying trial should be affirmed, with costs.

Pratt, J., concurred.

Judgment and order denying new trial affirmed, with costs.